UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHARLES DOUGLAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CAUSE NO. 3:07-CV-076-TS |
| | ) |
| WILLIAM WILSON, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Charles Douglas, a *pro se* prisoner, filed this habeas corpus petition challenging the November 17, 2006, Disciplinary Hearing Board (DHB) determination that he was guilty of attempted trafficking in violation of A-113/111. In case number WCC 06-11-0294, he was sanctioned with the loss of 90 days earned credit time and a demotion in credit class. The respondent has responded to the order to show cause and submitted the state administrative record. Douglas filed a traverse. Therefore, this case is now ripe for ruling.

Douglas raises six grounds in his petition. In response to the first two claims, the respondent argues that Douglas did not exhaust these claims during his administrative appeals. The first ground that Douglas raises is that the DHB was not impartial because the chairman was a member of the custody staff. The second ground is that he was unable to present evidence in his defense because there was no investigation. Nothing related to these issues was presented in Douglas's appeal to the Superintendent. (*See* Douglas Hearing Appeal, DE 6-7.) Alhough Douglas attempted to present some of these issues for the first time during his appeal to the Final Reviewing Authority, (*see* Douglas Letter, DE 6-8), new claims cannot be raised during an appeal. (*See* Adult Disciplinary Procedures, DE 6-11 at 4, § VII. D.) Additionally, the Final Reviewing Authority stated that it only considered issues "brought to the Superintendent on

appeal," (Final Reviewing Authority Letter, DE 6-10), making clear that any additional issues raised after the Superintendent level were not considered and thus were not properly exhausted during the administrative process.

In his traverse, Douglas argues that he did raise these issues and that it would be unfair not to permit him to raise these issues now. Douglas cites to page 2 of his appeal to the Superintendent (DE 6-7 at 2) to demonstrate that he has exhausted these grounds. On that page, Douglas argues that instead of trafficking he could have been asking his mother to send money to an attorney, that Officer Godfrey (the officer who wrote the conduct report) violated policy by writing the report the day after the incident, that the Conduct Report does not support the charge, that Godfrey should not have been reading his mail, and that he did not receive a confiscation slip for the letter. None of those issues make any reference to impartiality, the DHB chairman, or whether any member of the DHB was also a member of custody staff. Neither do they make any reference to evidence that Douglas wanted to present, any evidence that he was denied the opportunity to present, nor the absence of an investigation. This means Douglas has not complied with the administrative exhaustion requirements:

> [T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the state's supreme court. The Final Reviewing Authority is the administrative equivalent to the state's highest court, so . . . a legal contention must be presented to each administrative level.

*Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002). Because Douglas did not properly present these two claims during his administrative appeal, he may not raise them here.

Douglas's third, fifth, and sixth grounds allege violations of prison policies. Specifically, he alleges that it was wrong to read his letter to his mother, that it was wrong to not issue a confiscation slip when the letter was taken, and that it was wrong to write the report the day after

2

the incident. Even if these were violations of prison rules, this Court cannot grant habeas relief for violations of state law.

> We have stated many times that federal habeas corpus relief does not lie for errors of state law. Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (citations and internal quotation marks omitted). Because none of these alleged actions violate the Constitution, laws, or treaties of the United States, habeas relief cannot be granted on these grounds.

Douglas's fourth ground is that there was no evidence to support finding him guilty of trafficking. Attached to the conduct report is a letter written by Douglas to his mother. Douglas does not dispute that he wrote this letter.

> Mom,
> hey whats up i just wrote you a letter Monday did you receive it yet? anyways adrianna phone is Blocked she has to put more money on the phone which will probably be Friday i just got a letter and more pictures from her yesterday, anyway mom i need you to do something for me my other money is Caught up at R.D.C. still the last $100.00 you sent but i am trying to take Care of some Business to benefit myself i aint gone get in no trouble But at the end of this letter there is an address that i need you to send $100.00 dollars to in a money order it is to take Care of some stuff i need to do very badly please send it as soon as possible if you don't have the time Call adrianna to do it But i need it done as soon as possible no im not on no tricks and im not getting in trouble it is really important and i will not need any money for a few months once you do this until the phone comes on i will have my friends girl relay messages i am in school now and i am doing fine I love you all and you will hear from me soon
> Love always your Son Bubbi
> P.S. how is daddy and my children i send my love mom please hurry and do this it is very important thanks.

(Douglas Letter to Mother, DE 6-2 at 2 (capitalization and punctuation in original)).

3

Douglas argues that this letter is not sufficient to find him guilty of attempted trafficking because it was not mailed, does not contain an address, and did not state what, if anything, was being trafficked. Although Douglas is correct that those details are not contained in the unmailed letter, he is incorrect about their legal consequence. While Douglas argues that the money was needed to pay an attorney for a power of attorney so that he could get married, that explanation seems incongruous with the ambiguous and unromantic explanation he gave his mother in the letter: "i am trying to take Care of some Business to benefit myself." (*Id.*)

When examining claims such as this one, courts are to use the "some evidence" standard, which "is less exacting than the preponderance of the evidence standard, requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id.* (internal quotations marks omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 457 (1985). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56.

The DHB decision that Douglas was attempting to traffic is supported by the cryptic nature of the letter, which unambiguously attempts to have money sent to an outside recipient. It is possible to interpret the letter in other ways, but because it could reasonably be interpreted as an attempt to traffic, there is some evidence to support finding him guilty of this charge. *See id.*,

4

at 447–48, 456–57 (1985) (disciplinary action supported when inmates were two of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); *Hamilton v. O'Leary*, 976 F.2d 341, 346–47 (7th Cir. 1992) (discovery of weapons in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action).

For the foregoing reasons, the habeas corpus petition is **DENIED**.

SO ORDERED on March 3, 2008.

                                            s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT
                                          FORT WAYNE DIVISION